# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| ROBERT JAMES BUTLER | CIVIL ACTION NO. 3:10-cv-1702 |
|---|---|
| VS. | SECTION P |
| STEVEN E. MAY, ET AL. | JUDGE ROBERT G. JAMES |
| | MAGISTRATE JUDGE KAREN L. HAYES |

# REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert James Butler filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 1, 2010. When he filed this complaint he was incarcerated at the Caldwell Parish Jail, Columbia, Louisiana. He sued Caldwell Parish Sheriff Steven May and the Caldwell Parish Sheriff's Department claiming that the defendants have "... been harrassing [sic] me constantly (contraband) 10-26-10 by the Caldwell Sheriff Department as I was bonding out." He prays for the dismissal of unspecified charges and for an injunction directing the "harrasment [sic] to stop" along with an unspecified amount of compensatory damages for lost wages, pain and suffering, and "bonding fees." This complaint was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

On February 16, 2011, the undersigned completed an initial review of plaintiff's complaint and directed plaintiff to amend his claims within 30 days, or on or before March 18, 2011, to provide additional facts.[1]

---

[1] The order read as follows: "It is ordered that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims or defendants plaintiff is unable to cure through amendment. Plaintiff

More than 30 days have elapsed and plaintiff has not complied with the order or requested an extension of time within which to comply. Further, plaintiff has not otherwise contacted the court since he filed his complaint in November 2010.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff's complaint is ripe for dismissal pursuant to Rule 41.[2]

---

should allege the status of any charges - whether the charges remain pending, or whether he has now been convicted. He should provide a detailed description of the charges that resulted in his incarceration and provide, if available, copies of the arrest reports and affidavits of the arresting officers. Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W."

[2]The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

2

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

---

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a Court order which directs him to amend his complaint to provide the information necessary to complete an initial review as mandated by the provisions of 28 U.S.C. §§1915 and 1915A. Since plaintiff is proceeding pro se, it further appears that his failure to comply with the order must be attributable to his own neglect. Furthermore, since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's failure to contact the Court at any time during the past four months reflects his own contumaciouness or "stubborn resistance to authority" which is personally attributable to him as a *pro se* litigant.

In Chambers, Monroe, Louisiana, May 17, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

4